# UNITED STATES DISTRICT COURT

Western District of Pennsylvania

| UNITED STATES OF AMERICA<br>v.<br>Brian Mizwa | **Judgment in a Criminal Case**<br>(For **Revocation** of Probation or Supervised Release)<br><br>Case No. 2:06-cr-00374-001<br>USM No. #09170-068<br><br>Patrick Nightingale, Esq.<br>Defendant's Attorney |
|---|---|

**THE DEFENDANT:**

☑ admitted guilt to violation of condition(s) __1 through 5__ of the term of supervision.

☐ was found in violation of condition(s) _____ after denial of guilt.

The defendant is adjudicated guilty of these violations:

| Violation Number | Nature of Violation | Violation Ended |
|---|---|---|
| 1 | The defendant shall not commit another Federal, State or Local Crime | 04/10/2012 |
| 2 | The defendant shall notify the Probation Officer at least 10 days prior to any change in residence or employment | 03/14/2012 |

The defendant is sentenced as provided in pages 2 through __5__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has not violated condition(s) _____ and is discharged as to such violation(s) condition.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

Last Four Digits of Defendant's Soc. Sec. No.: 1860

Defendant's Year of Birth: 1976

City and State of Defendant's Residence:
Pittsburgh, PA

12/06/2012
Date of Imposition of Judgment

_[signature]_
Signature of Judge

Gary L. Lancaster, Chief U.S. Judge
Name and Title of Judge

12/6/12
Date

DEFENDANT: Brian Mizwa
CASE NUMBER: 2:06-cr-00374-001

## ADDITIONAL VIOLATIONS

| Violation Number | Nature of Violation | Violation Concluded |
|---|---|---|
| 3 | In accordance with 18 U.S.C. 3583(d) and 4042(c)(4), the defendant shall report his residence address, and any subsequent change of his address, while he is on supervision. Furthermore, the defendant shall register as a convicted sex offender in any state where he resides, is employed, carries on a vocation, or is a student. | 01/23/2012 |
| 4 | The defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons. | 12/30/2011 |
| 5 | The defendant shall participate in a mental health treatment program and/or sex offender treatment program, approved by the probation officer. The defendant shall remain in any such program until he is released from it by the probation officer and shall abide by all program rules, requirements, and conditions of any such program. | 03/19/2012 |

DEFENDANT: Brian Mizwa
CASE NUMBER: 2:06-cr-00374-001

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total total term of:

Time served.

☐ The court makes the following recommendations to the Bureau of Prisons:

☑ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:
    ☐ at _____ ☐ a.m. ☐ p.m. on _____ .
    ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
    ☐ before 2 p.m. on _____ .
    ☐ as notified by the United States Marshal.
    ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____ with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

DEFENDANT: Brian Mizwa
CASE NUMBER: 2:06-cr-00374-001

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of :
Three (3) years.

    The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter as determined by the court.

- ☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)
- ☑ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if
- ☑ The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)
- ☑ The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)
- ☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

    If this judgment imposes a fine or restitution, it is be a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

    The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT: Brian Mizwa
CASE NUMBER: 2:06-cr-00374-001

## ADDITIONAL SUPERVISED RELEASE TERMS

1. The defendant shall not unlawfully possess a controlled substance.

2. The defendant shall not possess a firearm of any other destructive device.

3. The defendant shall submit to urinalysis, as directed by the probation officer and shall participate in a substance abuse treatment program, if deemed necessary. The defendant shall be required to contribute to the costs of services for any such treatment in an amount determined by the probation officer, but not to exceed the actual cost. Furthermore, the defendant shall submit to one drug test within 15 days of release from imprisonment and at least two (2) periodic drug tests thereafter, as directed by the probation officer.

4. The defendant shall participate in a mental health treatment program and/or sex offender treatment program, approved by the probation officer. The defendant shall remain in any such program until he is released from it by the probation office and shall abide by all program rules, requirements and conditions of any such program, including submission to polygraph testing, to determine his compliance with same.

5. The defendant shall not associate with children under the age of 18, except in the presence of a responsible adult who is aware of the nature of the defendant's background and current offense and who has been approved by the probation officer.

6. In accordance with 18 U.S.C. 3583(d) & 4042(c)(4), the defendant shall report his residence address, and any subsequent change of his address, while he is on supervision. Furthermore, the defendant shall register as a convicted sex offender in any state where he resides, is employed, carries on a vocation, or is a student.

7. The defendant shall not possess any materials, including pictures, photographs, books, writings, drawings, videos, or video games depicting and/or describing child pornography as defined by 18 U.S.C. 2256(8).

8. The defendant shall cooperate in the collection of DNA, as directed by the probation officer.

9. The defendant shall consent to the probation office conducting periodic unannounced examinations of his computer system, and any other digital media or devices which may include retrieval and copying of all memory from hardware/software and/or removal of such system(s) for the purpose of conducting a more thorough inspection and will consent to having installed on his computer(s), and other digital media or devices, at his expense, any hardware/software to monitor computer use or prevent access to particular materials. The defendant shall consent to period inspection of any such installed hardware/software to insure it is functioning properly.

10. The defendant shall provide the probation office with accurate information about his entire computer system (hardware/software), and other digital media or devices; all passwords used by the defendant and his Internet Service Provider(s); and will abide by all rules of the Computer Restriction and Monitoring Program.

11. The defendant shall submit his person, residence, place of business, computer and other digital media or devices, and/or vehicle to a warrantless search conducted and controlled by the probation office at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release. Failure to submit to a search may be grounds for revocation. The defendant shall inform any other residents that the premises and computer(s) may be subject to a search pursuant to this condition.